UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

CLARENCE ALBERT SAFFOLD, III,

                Plaintiff,

v.                                                        Case No. 19-cv-1414-pp

MILWAUKEE COUNTY JAIL, *et al.*,

                Defendant.

_____

**ORDER REQUIRING THE PLAINTIFF TO PAY A PARTIAL FILING FEE**
_____

      The plaintiff, a prisoner who represents himself, filed the complaint in this case. Federal law requires that any party filing a complaint must pay a filing fee of $350. 28 U.S.C. §1914(a). It also requires a party filing a complaint to pay a $50 administrative fee. Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective May 1, 2013, #14.

      The plaintiff has filed a petition asking the court for leave to proceed *in forma pauperis*—he has alleged that he is unable to pay the above filing fee. The law does not allow the court to waive the filing fee in full for a prisoner. Rather, it says that if the court determines that the prisoner qualifies for *in forma pauperis* status, (a) the $50.00 administrative fee is waived, and (b) the court may allow the prisoner to pay the $350.00 by paying an initial partial filing fee, followed by monthly installments, until the $350.00 has been paid in full. The law requires the court to calculate the initial filing fee and the installments based on 20% of either the average monthly deposits into the prisoner's account or the average monthly balance in the prisoner's account for the six months preceding the date the complaint was filed, whichever is greater. 28 U.S.C. §1915(b).

1

In this case, the plaintiff has filed a certified copy of his prisoner trust account statement for the three-month period immediately preceding the filing of the complaint, as required by 28 U.S.C. §1915(a)(2). That statement shows that for that three-month period, the average monthly deposit in the account was **$76.33**, and the average monthly balance in the account was **$0.00**. Accordingly, 28 U.S.C. §1915(b)(1) requires the plaintiff to pay an initial partial filing fee of **$15.27**. After the initial partial filing fee is paid, the plaintiff must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. §1915(b)(2). The law states that "the agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." Id.

The plaintiff should be aware of several things. First, if he does not pay the initial partial filing fee or show cause for his failure to do so by the date at the end of this order, he will be held to have withdrawn this case voluntarily, and the case will be closed without prejudice. This voluntary dismissal will not be counted as a "strike" under §1915(g).

Second, if a prisoner files more than three actions which the court dismisses as frivolous or malicious, or for failure to state a complaint upon which relief can be granted, the law prohibits the prisoner from bringing any other actions *in forma pauperis* (unless the prisoner is in imminent danger of serious physical injury). 28 U.S.C. §1915(g). Thus, if the court ends up dismissing this lawsuit for any of those reasons, that dismissal will have an impact on the plaintiff's ability to proceed *in forma pauperis* in other lawsuits. The court will not analyze the complaint to determine whether it is frivolous, or malicious, or fails to state a claim upon which relief can be granted, until *after*

the plaintiff pays the partial filing fee. For this reason, the plaintiff may wish to voluntarily dismiss the lawsuit, to avoid the risk of the court dismissing the lawsuit after he has filed the initial partial filing fee.

Third, if the plaintiff does not want to pay the $350 filing fee in installments as the court described above, or if he wants to voluntarily dismiss the lawsuit to avoid having the court dismiss it later as frivolous or malicious or failing to state a claim, the plaintiff must, **on or before the date specified at the end of this order**, file a letter with the Clerk of Court, stating that he does not wish to proceed with the lawsuit. If the plaintiff writes such a letter by the deadline specified at the end of the order, the court will dismiss the case without prejudice (and that dismissal will not count against the plaintiff in future requests to proceed *in forma pauperis*). If the plaintiff proceeds with this case, he is advised that the complaint will be screened, and even if it is immediately dismissed because it fails to state a claim upon which relief can be granted or for any other reason, the plaintiff's initial partial filing fee will not be refunded, and he will still be required to pay the entire $350 filing fee and risk incurring a strike.

The court will send a copy of this order to Dodge Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that if the plaintiff wishes to continue with this lawsuit, then on or before **October 21 2019**, he must forward to the Clerk of Court the sum of **$15.27** as an initial partial filing fee, or file a letter informing the court why he is not able to pay the assessed amount. If the plaintiff does not have enough money in his regular account to pay the initial partial filing fee, he is responsible for making arrangements with the authorities to pay the remainder of the filing fee from his release account. The language of 28 U.S.C.

3

§1915(b)(1) suggests that a prisoner may use his release account to pay an initial partial filing fee only if he does not have sufficient funds in his regular account. See Carter v. Bennett, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005). Once the court receives the initial partial filing fee, it will review the complaint to determine whether to grant the plaintiff leave to continue *in forma pauperis*. The court also will review the complaint to determine whether the lawsuit is frivolous or malicious or fails to state a claim upon which relief can be granted; if the court concludes that the complaint does not meet this standard, the court will dismiss the complaint.

The court further **ORDERS** that if the plaintiff does not wish to continue with this lawsuit, then on or before **October 21 2019**, he must write a letter to the Clerk of Court, asking to voluntarily dismiss the case.

Dated in Milwaukee, Wisconsin this 30th day of September, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**

4

Case 2:19-cv-01414-PP   Filed 09/30/19   Page 4 of 4   Document 5