UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CLARENCE ALBERT SAFFOLD, III,

    Plaintiff,

v.                                                   Case No. 19-cv-1414-pp

SHANE PETERSON, *et al.*,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION REQUESTING LEAVE TO AMEND/SUPPLEMENT OPERATIVE COMPLAINT-IN PART (DKT. NO. 29), ORDERING THAT THE DEFENDANTS ARE NOT REQUIRED TO RESPOND TO THE PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS (DKT. NO. 30) AND DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION OR TO AMEND THE SCREENING ORDER (DKT. NOS. 42, 45, 46)**

---

      On September 30, 2020, this court screened the plaintiff's amended complaint and allowed to him to proceed on claims against several defendants from the Milwaukee County Jail, G4S Secure Solution and Wellpath Healthcare. Dkt. No. 17. On November 9, 2020, the court received a motion from the plaintiff, seeking leave to amend or supplement the complaint. Dkt. No. 29. That same day the court received what appears to be a discovery demand from the plaintiff, titled "Plaintiff First Request for Production of Documents." Dkt. No. 30. And in the two-week period between November 24 and December 7, 2020, the court received *three* motions asking the court to reconsider or amend its screening order. Dkt. Nos. 42, 45, 46.

1

### I. Motion Requesting Leave to Amend/Supplement Operative Complaint In Part (Dkt. No. 29)

Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course" within twenty-one days of serving the complaint or, if the defendants have answered, within twenty-one days after service of the responsive pleading. The plaintiff already has filed his one, "as a matter of course" amended complaint, dkt. no. 14, and the court has screened it, dkt. no. 17. That means that he may amend again "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) instructs the court to "freely give leave when justice so requires." Defendant Doctor Khan opposes the plaintiff's motion. Dkt. No. 38.

The plaintiff wants to add back to the lawsuit defendants the court has dismissed, add at least one new defendant (Milwaukee County) and add new claims against remaining defendants. He wants to add Milwaukee County because he says that he "unwittedly" named the Milwaukee County Jail as a defendant in the amended complaint "when they [the Jail] are not able to be under 1983," and he says that Milwaukee County "is by law responsible for the violations instead." Dkt. No. 29 at ¶1. He wants to add back into the case G4S Transportation Services and Wellpath Healthcare, asserting that "[a]dditional investigation has highlighted" these defendants and Milwaukee County "as creating and/or endorsing policies, custom, or practices that lead to violations." Id. at ¶2. He also states that "[a]dditional investigation has highlighted violations reflecting actions or inactions" by individuals Jane Doe #1, Muhammad Khan (Doctor Khan), Officers Gilbert and Sanchez and Captain

2

Straddler. Id. at ¶3. Finally, he says that amending or supplementing would "challenge" the court's dismissal of defendants Wellpath, G4S, Jane Doe #1, Straddler and Nurse Meradith. Id. at ¶4.

The court first notes that the motion does not comply with this court's local rules. Civil Local Rule 15(b) (E.D. Wis.) says that a motion to amend "must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend." Civil L.R. 15(a) requires an amended pleading—such as an amended complaint—to "reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." The plaintiff's motion does not state specifically what changes he proposes to make in a second amended complaint and he did not attach a proposed second amended complaint to the motion. The fact that he is a representing himself does not excuse the plaintiff from complying with the court's rules. See Hinterberger v. City of Indianapolis, 966 F.3d 523, 528 (7th Cir. 2020) ("[D]istrict courts may require strict compliance with their local rules."); Smith v. Adams, 804 F. App'x 390, 391 (7th Cir. 2020) (same for *pro se* plaintiffs).

As the court explained in the screening order, to state a claim the plaintiff must allege facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Conclusory allegations that merely assert a violation of one's rights without explaining the defendants' specific actions that caused the violations

3

are not sufficient to state a cause of action. Id. at 678–79. The allegations must allow the court "to infer more than the mere possibility of misconduct" and instead must *show* "'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The court concluded that the plaintiff could not sue the Milwaukee County Jail because it is not a separate, suable entity for purposes of a suit under §1983. Dkt. No. 17 at 18-19. But the court went further, noting that even if it construed the plaintiff's claims as claims against *Milwaukee County*, the plaintiff had not alleged facts showing that an official policy, widespread custom or action by a County official with policy-making authority was the moving force behind the alleged constitutional violations. Id. at 19-20. For the plaintiff to now say that he wants to add Milwaukee County as a defendant when the court already has found that he did not state a claim against Milwaukee County is perplexing.

The court dismissed G4S and Wellpath Healthcare because the plaintiff failed to allege facts explaining the policy he believes led to violations of his constitutional rights. Dkt. No. 17 at 19–21. In the motion, he asserts that "additional investigation" has revealed that Milwaukee County, G4S and Wellpath had such policies, customs or practices. Dkt. No. 29 at ¶2. But he doesn't say what those policies, customs or practices are and again, he didn't include a proposed amended complaint that would provide that detail.

The court dismissed Jane Doe #1, Captain Straddler and Nurse Meradith because the plaintiff failed to allege facts against them that amounted to a

4

violation of his constitutional rights. Dkt. No. 17 at 25–26 (Nurse Meradith), 26 (Jane Doe #1), 31–32 (Straddler). The motion to amend does not include any new facts regarding these defendants; it simply states that the plaintiff's additional investigation has highlighted "violations reflecting [their] actions or inactions." Id. at ¶3. As for Nurse Meradith, he simply says that his amended/supplemental complaint would "challenge" the court's decision to dismiss her as a defendant.

For all these reasons, the court will deny the plaintiff's motion to amend or supplement his complaint. The amended complaint remains the operative complaint in this matter.

## II. Plaintiff First Request for Production of Documents (Dkt. No. 30)

The plaintiff filed with the court a request for production of documents under Federal Rule of Civil Procedure 34. Dkt. No. 30. He requests that "Defendants Wellpath Healthcare, Milwaukee County, and G4S Transportation Services" provide him with complete medical records from July 11, 2019, through September 3, 2019; any related written statements or reports from those dates; and all rules, regulations, and policies. Id. at ¶¶1–3.

Under Rule 34(a) a party in a lawsuit "may serve on any other party a request" to produce documents or tangible things. Fed. R. Civ. P. 34(a)(1). But as the court has explained above, neither Milwaukee County, Wellpath Healthcare nor G4S Transportation are "parties" to this lawsuit. Even if they were, discovery demands must be served on *defendants*, not filed with the

5

court. The court does not become involved in the discovery process unless a party refuses to comply with a valid discovery demand.

Even if the plaintiff had served this demand on the entities he has identified, and even if they were defendants, the plaintiff has violated this court's order about when to begin discovery. In its screening order, the court ordered "that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions." Dkt. No. 17 at 37. Some of the defendants have not been served or have not answered the complaint, and the court has not entered a scheduling order.

The court reminds the plaintiff that he ***may not begin discovery***, which includes requesting the production of documents, until the court has issued a scheduling order setting a deadline for completing discovery. Only after the court has entered that order may the parties begin discovery and request items or documents from other parties. The court advises the plaintiff that when that time comes, he must direct his requests to parties in this lawsuit and serve his requests on those parties, not file them with the court.

The court will order that no defendant is required to respond to the plaintiff's first request for production of documents. Dkt. No. 30.

**III. Notice of Motion and Motion for Reconsideration; or Alternatively, To Amend Screening Order (Dkt. No. 42); Notice of Motion and Motion for Reconsideration; or Alternatively, to Alter or Amend Screening Order (Dkt. No. 45); Notice of Motion and Motion to Reconsider; Alter/Amend Screening Order Pursuant to Rules 59(e) and 60 (Dkt. No. 46)**

In the span of two weeks, the plaintiff filed *three* documents referencing reconsideration or alteration/amendment of the court's September 30, 2020 screening order.

The first document—which is actually a letter to the Clerk of the District Court—says that it "should be considered the plaintiff's request to move the district court to withdraw the proposed amended and/or supplemented civil complaint." Dkt. No. 42 at 1. As noted above, the plaintiff has not provided the court with a "proposed amended and/or supplemented civil complaint." The letter also says that the plaintiff is placing the court and the defendants on notice "of the enclosed pleading that seeks to have the district court's Section 1915A, screening order altered or amended pursuant to Fed. R. Civ. P. 59(e) and 60." Id. The only enclosed documents are a notice of the motion and a certificate of service for the motion. Id. at 2–3. The plaintiff did not enclose a motion with this letter.

The second document, which the court received six days after it received the first, is labeled "Notice of Motion and Motion for Reconsideration; or Alternatively, to Alter or Amend Screening Order." Dkt. No. 45 at 1. But there is no attached motion. The text below the caption is the address for the attorney representing defendants Peterson, Nowak and Larsen. Id. Page two is a certificate of service. Id. at 2.

7

The third document—received a week after the court received the second one—is six pages long. Dkt. No. 46. *This* one appears to be an actual motion. In it, the plaintiff says that he is a first-time *pro se* litigator, which is why he named the Milwaukee County Jail instead of Milwaukee County. Id. at 2. The plaintiff asserts—without any facts in support—that Milwaukee County "endorsed policies, customs, and/or protocols/practices that encouraged employee(2) to act with deliberate indifference to prisoners'/pretrial detainees' constitutional rights" and "endorsed policy, custom, and/or protocol/practice that encouraged employee(s) to act with deliberate indifference when defendants and other actors denied, prolonged medical treatments violating plaintiff's 8th and 14th Amendments." Id.

As for G4S, the plaintiff says that the reason the complaint did not describe with specificity any policy, custom, practice or protocol is because he didn't have access to the G4S records to find out if there were such policies or practices. Id. He asserts that defendants Gilbert and Sanchez were acting under color of state law when they transported him (the court found otherwise, dkt. no. 17 at 23-24) and says that G4S had a policy that encouraged its employees to purposefully and recklessly transport prisoners, knowing it violated their constitutional rights. Id. at 2-3.

The plaintiff identifies *one* possible policy. Id. at 3. He says that a nurse told him that it was a policy not to assign the plaintiff a walking aid after he complained that it was impossible for him to talk without pain and suffering. Id. But the plaintiff does not say whether the nurse worked for the jail or

8

Wellpath and does not say whether this was a jail policy or a Wellpath policy. The plaintiff says that "[f]urther discovery would properly identify policies Wellpath endorsed that caused plaintiff's damages." Id. at 4.

As for Nurse Meradith, the plaintiff says that she violated his constitutional rights when she did not report his injuries to "supervisor at all or to their absolute ends which would have, upon information and belief, had medical treatments relevant to his injuries afforded to plaintiff." Id. He says Meradith had a duty to report his injuries. Id.

With regard to Jane Doe #1, the plaintiff says she remains unidentified but that discovery will allow him to prove that she purposefully and recklessly discontinued testing that monitored his head trauma. Id. He says that "[u]pon information and belief, it is protocol to monitor a person for three concurrent days following head trauma to determine if person has sustained a concussion so as follows severe head trauma like Plaintiff suffered during incidents identified in complaint." Id.

Under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a judgment within 28 days of the entry of judgment. There is no judgment in this case, and the plaintiff filed these motions more than twenty-eight days after entry of the screening order. That means the court must consider his motions under Fed. R. Civ. P. 60(b). See Banks v. Chi. Bd. of Educ., 750 F.3d 663, 666 (7th Cir. 2014). The plaintiff does not identify which of the Rule 60(b) reasons—mistake, newly discovered evidence, fraud, void

9

judgment, satisfied judgment or "any other reason that justifies relief"—that require the court to reconsider, alter or amend its screening order.

The court thinks that what is really going on is that the plaintiff—as he repeatedly states in the third motion—is a "first time *pro se* litigator" and does not understand how the litigation process works. The plaintiff believes the court has dismissed these defendants and claims forever, and that no matter what he may find out through discovery, there is nothing he can do to seek relief from them even if he finds out they violated his rights. This is not the case.

The court dismissed these defendants and claims at the screening stage because the complaint did not state claims against them. The next step in the process is for *every* remaining defendant to answer or otherwise respond to the complaint. Once every defendant has been heard from, the court will send out a scheduling order. When the plaintiff receives this order, he may begin the discovery process by asking the defendants (not the court) to produce documents relevant to his claims, to answer questions (interrogatories) relevant to his claims and to admit or deny certain facts. If, during that process, the plaintiff discovers (a) the identities of defendants who were unknown to him before or (b) facts that he was not aware of before, he may file a motion asking to amend the complaint. He can explain in the motion what he has learned and why he needs to amend the complaint. He must attach to that motion the proposed amended complaint.

But it is too soon for the plaintiff to do that now. Nothing has changed since the court issued the screening order. The proper procedure is not for the plaintiff to allege something and then figure out later whether there is evidence to support what he has alleged. The proper procedure is for the plaintiff to wait until it is time to conduct discovery, then review what he receives in discovery and decide whether it contains enough evidence to support an amendment to the complaint.

The plaintiff also should be prepared to be patient when the time comes to complete discovery. When one party serves interrogatories, requests for production of documents or requests for admission on another party, the other party has thirty days to respond. Fed. R. Civ. P. 33(b)(2) (interrogatories), 34(b)(2) (requests for production); 36(a)(3) (requests for admission). Parties frequently work with each other to extend those deadlines if the producing party needs more time. Sometimes—particularly in cases involving claims of medical injury or deficient medical treatment—the defendant will ask the plaintiff to sign releases so that his doctors can release his medical records. This is proper and a plaintiff who puts his medical condition at issue in a lawsuit must be prepared to sign such releases. The court expects parties to cooperate with each other and it expects that the early stages of a lawsuit will take time.

### IV. Conclusion

The court **ORDERS** that no defendant is required to respond to the plaintiff's first request for production of documents. Dkt. No. 30.

11

The court **DENIES** the plaintiff's Motion Requesting Leave to Amend/ Supplement Operative Complaint-In Part. Dkt. No. 29.

The court **DENIES** the plaintiff's Notice of Motion and Motion for Reconsideration; or Alternatively, To Amend Screening Order. Dkt. No. 42.

The court **DENIES** the plaintiff's Notice of Motion and Motion for Reconsideration; or Alternatively, to Alter or Amend Screening Order. Dkt. No. 45.

The court **DENIES** the plaintiff's Notice of Motion and Motion to Reconsider; Alter/Amend Screening Order Pursuant to Rules 59(e) and 60. Dkt. No. 46.

Dated in Milwaukee, Wisconsin this 16th day of December, 2020.

       **BY THE COURT:**

       _____
       **HON. PAMELA PEPPER**
       **Chief United States District Judge**