UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CLARENCE ALBERT SAFFOLD, III,

      Plaintiff,

v.                                      Case No. 19-cv-1414-pp

SHANE PETERSON, *et al.*,

      Defendants.

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (DKT. NO. 53), GRANTING PLAINTIFF'S MOTION TO ALLOW LIMITED DISCOVERY (DKT. NO. 61) AND EXTENDING DEADLINE FOR DEFENDANTS TO FILE A MOTION FOR SUMMARY JUDGMENT BASED ON ALLEGED FAILURE TO EXHAUST**

On September 30, 2020, the court screened the plaintiff's amended complaint and allowed to him to proceed on claims against several defendants from the Milwaukee County Jail, G4S Secure Solution and Wellpath Healthcare. Dkt. No. 17. The amended complaint alleges violations of the plaintiff's constitutional rights that occurred while he was a pretrial detainee at the jail. Id. at 5–18. On December 17, 2020, the court issued a scheduling order setting deadlines for the parties to conduct discovery and file dispositive motions. Dkt. No. 50. The order advised the defendants that they could "file a motion for summary judgment on the ground that the plaintiff failed to exhaust the available administrative remedies, together with supporting materials, no later than February 1, 2021." Id. at ¶2 (emphasis omitted).

On January 29, 2021, rather than filing a motion for *summary judgment* for failure to exhaust, defendants Shane Peterson, Peter Nowak and Jason

1

Larsen (County Defendants) moved "for an order granting *dismissal* of plaintiff's claims against them with prejudice under Federal Rule of Civil Procedure 12, pursuant to the Prison Litigation Reform Act ('PLRA'), 42 U.S.C. § 1997e(a)." Dkt. No. 53. (Emphasis added.) The County Defendants also moved for a stay of the proceedings and all deadlines pending a decision on the merits of their motion to dismiss. Id. at 2. They filed a brief in support of their motion, dkt. no. 54, and a declaration, to which they attached three exhibits—the jail's inmate handbook, the plaintiff's classification interview form from the jail and the plaintiff's grievances submitted while he was at the jail, dkt. nos. 55, 55-1, 55-2, 55-3. The court granted the motion to stay deadlines and ordered the plaintiff to respond to the motion to dismiss, or to explain in writing why he could not, by February 19, 2021. Dkt. No. 57.

On February 1, 2021, defendants Cody Gilbert and Jose Sanchez, and separately defendant Muhammad Khan,[1] moved to join the County Defendants' motion to dismiss. Dkt. Nos. 58, 59. The court granted those motions the next day. Dkt. No. 60. The court reminded the plaintiff that his response was due by February 19, 2021 and instructed him to "address the motion as applied to all defendants." Id.

On February 12, 2021, the plaintiff filed a response to the motion, but it did not address the substantive claim that he had failed to exhaust his administrative remedies. Dkt. No. 61. Instead, the plaintiff cited Pavey v.

---

[1] Defendant Kahn since has been dismissed at the plaintiff's request. Dkt. Nos. 81, 83.

Conley, 544 F.3d 739 (7th Cir. 2008), and asked the court to give him the opportunity to conduct a limited amount of discovery on the exhaustion issue. Id. at 2. He attached to the motion his proposed discovery demands—a set of interrogatories and requests for admission. Dkt. No. 62.

The defendants' reply brief was due February 26, 2021—fourteen days after the plaintiff filed his response. See Civil Local Rule 7(c) (E.D. Wis.) ("For all motions other than those for summary judgment or those brought under Civil L. R. 7(h) . . . the moving party may serve a reply memorandum and other papers within 14 days from service of the response memorandum."). The defendants filed their reply brief March 5, 2021—seven days after it was due, although they had not asked for an extension of time. Dkt. No. 66. Oddly, they asserted that the plaintiff had not complied with "the basics of F.R.C.P. 12, 56, and Civ. L.R. 56," id. at 1; Rule 56 governs *summary judgment* motions, not motions to dismiss. In fact, the entire reply brief seems to assume that the defendants filed a motion for *summary judgment*, rather than a motion to dismiss.

The County Defendants filed their motion to dismiss under Federal Rule of Civil Procedure 12 but did not specify the subsection of the rule on which they relied. Perhaps they meant to seek dismissal under Fed. R. Civ. P. 12(b)(1), for lack of subject-matter jurisdiction, given that exhaustion is a prerequisite to filing a §1983 suit. Perhaps, though it seems unlikely, they meant to seek dismissal under Fed. R. Civ. P. 12(b)(6), for failure to state a claim. The court does not know, because the defendants did not say.

3

Complicating matters is the fact that the defendants attached to their motion to dismiss extrinsic documents—the handbook, the plaintiff's classification review and his grievances. Federal Rule of Civil Procedure 12(d) states that

> if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Because the defendants attached to their motion to dismiss "matters outside the pleadings," Rule 12(d) provides the court with two options: it either must exclude those "matters outside the pleadings" or it must treat the defendants' motion as a motion for summary judgment rather than as a motion to dismiss. The second option is not available to the court, however, because in its current form, the motion does not comply with the requirements of Civil L.R. 56(b). The County Defendants did not file a statement of proposed material facts, and the assertions in their supporting brief do not refer to any proposed or stipulated facts (because there are none). See Civil L.R. 56(b)(1)(C) and (b)(6).

The court suspects that the defendants meant to file a motion for summary judgment (which is the usual vehicle defendants use to argue that a court must dismiss based on failure to exhaust administrative claims). The court will deny the motion to dismiss, but will give the defendants the opportunity to file a motion for summary judgment that complies with the requirements of Fed. R. Civ. P. 56 and Civil L.R. 56.

The plaintiff did not respond to the substantive allegation that he did not exhaust his administrative remedies, but he has asked for time to conduct some limited discovery on the exhaustion issue. That is a reasonable request; incarcerated persons often do not have the same access to their grievance histories as the defendants do, and the focus of discovery before the defendants filed their motion to dismiss was on the substance of the plaintiff's claims. The court has reviewed the plaintiff's proposed discovery demands (Dkt. No. 62); while he combines multiple requests into each of his five demands, the demands all relate to the exhaustion issue. The court will give the parties the opportunity to conduct limited discovery on the exhaustion issue.

The court **DENIES** the defendants' motion to dismiss for failure to exhaust administrative remedies. Dkt. No. 53.

The court **GRANTS** the plaintiff's motion for limited discovery on the issue of exhaustion. Dkt. No. 61.

The court **ORDERS** that the defendants must respond to the plaintiff's discovery demands at dkt. no. 62.

The court **ORDERS** that the parties must complete all discovery related to exhaustion by the end of the day on **July 9, 2021**.

The court **ORDERS** that the deadline for the defendants to file a summary judgement motion based on the plaintiff's failure to exhaust administrative remedies is **EXTENDED** to **July 16, 2021**.

The plaintiff will have **thirty days from the date of service of the summary judgment motion** to file his opposition brief and supporting

materials. Civil L. R. 56(b)(2). The plaintiff must respond to each of the defendants' proposed findings of fact, either by agreeing with the proposed fact or explaining why he disagrees with the proposed fact. If the plaintiff does not either agree or disagree with a proposed fact, the court will assume that he agrees with that proposed fact. The plaintiff must support every disagreement with a proposed fact by citing to evidence. He can do that by relying on documents that he attaches to his response or by telling the court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746.[2] An unsworn declaration is a way for a party to tell his side of the story while declaring to the court that everything in the declaration is true and correct. The plaintiff also must respond to the legal arguments in the defendants' supplemental brief by explaining why he disagrees with those arguments.

Under Civil L. R. 7(d), if a plaintiff does not respond to a motion for summary judgment, his failure to respond is sufficient cause for the court to grant the motion (in other words, to rule in favor of the defendants). And under Civil L. R. 41(c), if it appears to the court that a plaintiff is not diligently prosecuting his case (for example, if he fails to respond to a motion for summary judgment), the court may dismiss the case with or without prejudice. If the plaintiff believes he needs additional time to prepare his opposition materials, then in time for the court to receive it *before* his opposition materials

---

[2] At the bottom of his declaration the plaintiff should state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. §1746(2).

6

are due, he must file a motion asking the court to extend the deadline. If he files such a motion, he must explain why he needs additional time and how much additional time he needs.

The defendants may submit a reply brief and any relevant documents or materials **within fourteen days of service of the plaintiff's opposition materials**. The defendants may file a single reply brief on behalf of all defendants.

Dated at Milwaukee, Wisconsin this 18th day of May, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**