UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CLARENCE ALBERT SAFFOLD, III,

           Plaintiff,

v.                                          Case No. 19-cv-1414-pp

JASON LARSEN, CODY GILBERT,
and JOSE SANCHEZ,

           Defendants.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S SECOND MOTION FOR RECRUITMENT OF COUNSEL (DKT. NO. 112)**

      Clarence Albert Saffold, III, who is representing himself, is proceeding under 42 U.S.C. §1983 on Eighth Amendment claims. On June 13, 2022, the court received his second motion asking the court to recruit counsel to represent him in this lawsuit. Dkt. No. 112. The plaintiff asserts that he is unable to afford counsel, that the issues in his case are complex and he has limited legal knowledge. Id. He attached letters he sent in November 2021 to four law firms or offices asking them to take his case. Dkt. No. 112-1. Only Hart Law Office responded, with counsel stating he was not able to take the plaintiff's case. Id. at 2. The plaintiff also filed a declaration in support of his request for recruitment of counsel. Dkt. No. 113. He avers that his case involves a physical injury and "may require expert testimony," that he has no trial experience and that he "may need help with negotiating a settlement amongst defendants." Id. at ¶¶4, 6–7.

The defendants oppose the plaintiff's motion. Dkt. No. 114. The defendants concede that the plaintiff made an adequate effort to find an attorney on his own. Id. at 1. But they say that he "has not made a showing that this case is so complex that he is not competent to proceed on his own behalf." Id. The defendants assert that the plaintiff's filings, including his complaint and motions to compel and reconsider, "demonstrate he is capable of representing himself in this case." Id. at 2. The defendants also note that at the April 27, 2022 evidentiary hearing, the plaintiff "appeared, handled questions from this court and presented argument pertaining to the facts of the case." Id. The defendants conclude by arguing that the plaintiff "has shown himself capable of litigating this claim." Id.

The court previously explained the standard for recruiting counsel for individuals in civil cases. Dkt. No. 17 at 32–34. The court noted that it has discretion to appoint counsel for a self-represented civil litigant after considering 1) the plaintiff's efforts to obtain counsel on his own and 2) the plaintiff's ability to litigate his lawsuit competently on his own. Id. (citing Pennewell v. Parish et al., 923 F.3d 486, 490 (7th Cir. 2019); and Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007)). The plaintiff has satisfied his burden to show he reasonably attempted to recruit counsel on his own. But he has not satisfied the second element.

In denying the plaintiff's first request to recruit counsel, the court noted that "the extensive, meticulous, highly-detailed and articulate amended complaint shows that the plaintiff understands the issues involved in his case,

knows the details relevant to presenting and proving his claims and comprehends his role at this point in the litigation." Dkt. No. 17 at 34. The court reaches the same conclusion at this later stage in the litigation. The plaintiff's detailed filings show that he has a continued understanding of the legal issues in his case and the ability to competently research and present his position on those issues. The plaintiff further demonstrated his above-average sophistication during the April 27, 2022 evidentiary hearing on the defendants' motion for summary judgment on exhaustion grounds. Dkt. No. 106. The plaintiff effectively presented his position on the issues and succeeded in defeating summary judgment as to some of the defendants. Dkt. No. 109. The court understands that the plaintiff has limited legal knowledge and no formal legal training. But the same is true of nearly all civil litigants who represent themselves, particularly those who are incarcerated. As the court previously noted, "'there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Dkt. No. 17 at 32 (quoting Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014)). The plaintiff has not shown that he is one of those litigants most in need of an attorney.

At this stage, there is no guarantee that the case will make it to trial. The parties currently are in the discovery phase, where they exchange information about the plaintiff's claims. See Dkt. No. 50 at ¶1; Dkt. No. 110 at ¶1. The defendants then will have an opportunity to file a dispositive motion seeking to resolve the case without a trial. Dkt. No. 50 at ¶2; Dkt. No. 110 at ¶2. Only if the plaintiff's claims survive the defendants' dispositive motions will the court

schedule a trial date. At that point, the court may reconsider appointing counsel to represent the plaintiff in preparing for trial and trying the case. Until then, the court will deny the plaintiff's motion for counsel without prejudice, which means he can ask the court again later to recruit him an attorney if this case proceeds to trial.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for appointment of counsel. Dkt. No. 112.

Dated in Milwaukee, Wisconsin this 26th day of September, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**